IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DODSON INTERNATIONAL PARTS,
INC.,

                        Plaintiff,

        Vs.                                              No. 00-4134-SAC

PHILLIP ALTENDORF, JEFFREY
ALTENDORF, CIRCLE H L.L.C.,
RESOURCES UNLIMITED, INC.,
RICHARD MOORHEAD, MANSFIELD
HELIFLIGHT, INC., and ERIC CHASE,

                        Defendants.


MEMORANDUM AND ORDER

        In its memorandum and order filed November 3, 2004, the court

granted the motion for summary judgment (Dk. 107) filed by the defendants,

Mansfield Heliflight, Inc. ("Mansfield") and Eric Chase ("Chase"), and denied the

motion to amend the pretrial order (Dk. 110) filed by the plaintiff Dodson

International Parts, Inc.  ("Dodson International") (Dk. 134).  On the same day, the

clerk of the court entered judgment consistent with the summary judgment ruling.

(Dk. 135).  Within the required ten-day period, Dodson International filed a motion

to alter or amend pursuant to Fed. R. Civ. P.  59(e) and for relief from judgment to

correct clerical mistake pursuant to Fed. R. Civ. P.  60.  (Dk. 136).  Mansfield and

Chase filed a response opposing this motion (Dk. 138), and plaintiff filed no reply. The matter is now ripe for decision.

**GOVERNING STANDARDS**

A Rule 59(e) motion stands on limited grounds.  *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000) (holding that Rule 59(e) motions "should be granted only to correct manifest errors of law or to present newly discovered evidence"); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  *See Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).").  A Rule 59(e) motion does not make appropriate the revisiting of issues already considered or the arguing of matters not raised in prior briefs.  *Servants of Paraclete v. Does*, 204 F.3d at 1012. Put another way, a party is not to pursue such a motion in order to rehash previously rejected arguments or to offer new legal theories or facts.  *Achey v. Linn County Bank*, 174 F.R.D. 489, 490 (D. Kan. 1997).   Nor is a motion to reconsider "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."  *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).

2

Dodson International seeks the following relief: (1) that the court require the judgment be modified to incorporate the journal entry of judgment entered on December 14, 2000, in favor of the plaintiff and against the defendants, Phillip Altendorf, Jeffrey Altendorf, and Circle H, L.L.C.; (2) that the court reconsider and set aside its summary judgment ruling in favor of the defendants, Mansfield and Chase; and (3) that the court reconsider and set aside its decision denying the plaintiff's motion to amend the pretrial order. The defendants, Mansfield and Chase, confine their opposition to the latter two requests for relief. The clerk's entry of judgment on November 3, 2004, does not address any claims other than those decided in the court's most recent order and does not purport to set aside any prior journal entry of judgment. Nonetheless, the court will grant the plaintiff's request to modify this latest entry of judgment to incorporate by reference the prior judgment entered on December 14, 2000 (Dk. 49).

<em>Reconsider Summary Judgment Ruling</em>

Referring only to its prior memorandum opposing summary judgment, the plaintiff argues it had trade secrets in its "pending deals and transactions" and "transactional opportunities" that the Altendorfs improperly disclosed to the defendants for their use and that the court's order "narrowly construes" the concept of trade secret and "summarily concludes" the information does not

3

amount to trade secrets.  (Dk. 136, pp. 3-5).  The plaintiff insists its prior

memorandum set forth "information regarding specific transactional opportunities"

from which a reasonable jury could find that the defendants and the Altendorfs

learned of this information through the Altendorfs' employment with the plaintiff

and that the Altendorfs owed the plaintiff a duty to maintain the secrecy of this

information.  (Dk. 136, p. 5).  The plaintiff further argues the same proof supports

its unfair competition claim.  In response, the defendants say the plaintiff merely

wants to rehash arguments previously rejected without offering any new evidence or

a change in the law.  The defendants reiterate that at the time of summary judgment

and now the plaintiff disputes only how certain deals transpired and fails to

describe the specific information allegedly constituting a trade secret that was

wrongfully disclosed by the Altendorfs and wrongfully used by the defendants.

　　　　　In responding to "the defendants' challenge" on summary judgment

that it had not "identified any specific information qualifying as trade secrets," the

plaintiff offered the single statement of its general counsel that it maintained "a file

cabinet containing all pending and completed deals on helicopters" and labeled the

cabinet as "confidential."  (Dk. 134, pp. 19-20).  The plaintiff did not offer any

details concerning what specific information kept in that cabinet or kept in any other

way to preserve its confidentiality constituted a trade secret wrongfully disclosed in

4

each of the respective deals.  The plaintiff also cited evidence that it maintained a

computer database showing its past sales of components and that Dodson had

professional relationships with some customers such that the customers went to

Dodson exclusively when they wanted to move the equipment quickly.  (Dk. 134,

pp. 19-20).  Again, the plaintiff did not point to any such proprietary information

having been used in any of the alleged deals and did not establish an exclusive

customer relationship having been involved in any of the alleged deals.  This was all

the evidence offered by the plaintiff at summary judgment to prove its trade secret

allegations.  The court was compelled to rule as it did:

> From its careful review of the summary judgment facts and evidence, the
> court concludes that the plaintiff has not come forth with specific facts
> supported by significant probative evidence from which a rational trier of
> fact could find for the plaintiff on its trade secret claims.  While the plaintiff
> argues trade secret protection for customer lists, methods for calculating and
> perfecting and obtaining bids or business opportunities, the plaintiff offers
> no proof of tangible customer lists or other protected customer information
> actually misappropriated by the defendants, nor is there any proof that its
> methodology for calculating, perfecting and obtaining bids has value because
> it is not generally known or readily ascertainable to others.  The plaintiff cites
> Bob Dodson's testimony on proprietary information in records showing the
> sales history of different parts and usefulness of this information in
> formulating bids.  While alleging this information was necessarily
> misappropriated because the Altendorfs' cooperated with the defendants in
> formulating bids for the different aircraft, the plaintiff offers no evidence or
> inferences to support these allegations.  With regard to the specific
> transactions alleged in this case, the plaintiff makes no effort to identify the
> specific information that involves a trade secret and the specific act that
> constitutes misappropriation.  Conclusory allegations and speculation will

not sustain a claim that specific proprietary information about prior sales or customer lists was misappropriated.  Nor has the plaintiff offered any proof or arguments for according trade secret protection to its opinions concerning reasonable bids.  In this regard, the evidence of record indicates the plaintiff readily shared such opinions rather than making efforts to keep them secret. Finally, the plaintiff argues trade secret misappropriation of its access to and relationship with various customers, but it fails to offer any evidence or arguments in support of this argument.  The court finds nothing cited in the plaintiff's brief to sustain, factually or legally, the proposition that the plaintiff in being one of several or more dealers regularly bidding on a customer's salvage has a trade secret in simply the relationship with that customer, in the bidding process, or in the opportunity to bid.  The court grants the defendants' motion for summary judgment on the plaintiff's trade secret claims.

(Dk. 136, pp. 29-31) (footnote omitted).  The plaintiff's sweeping arguments, conclusory assertions, indefinite descriptions, and unspecific evidence were insufficient at summary judgment and remain so on reconsideration.

### Reconsider the Denial of Amendment to Pretrial Order

The plaintiff here again merely repeats the arguments already considered and decided in its original motion and concludes the court's ruling results in manifest injustice.  The plaintiff offers no reasonable explanation for why it believed the pretrial order already alleged a civil conspiracy theory that encompassed the predicate acts of tortious interference with prospective business advantage and fraud when critical sections of the pretrial order plainly refer only to the predicate act of misappropriating trade secrets.  The issues of fact section on

the conspiracy claim refers exclusively to the misappropriation of trade secrets and makes no mention of other predicate acts.  The relief requested section seeks an accounting and relinquishment by the defendant of "all gains, profits, and advantages derived by defendants through their alleged conspiracy to misappropriate plaintiff's trade secrets and engage in unfair competition practices." (Dk. 106, p. 15).  While they could be read as indicating an intent to allege other predicate acts, the plaintiff's factual allegations are not so specific as to keep them from being interpreted as simply related allegations to the predicate act of misappropriating trade secrets.  The plaintiff missed the opportunity for clarifying the intended scope of its conspiracy claim by omitting other predicate acts from the issue section and by limiting its claim of relief to one predicate act.  The court continues to believe it gave the pretrial order the only reasonable construction under the circumstances.

The court denied the plaintiff's motion to amend on two grounds. First, the requested amendment was improper in failing to delineate the factual issues for the civil conspiracy claim.  "Just naming legal theories as the different overt acts does not set any parameters or dimensions to the conspiracy claim and undermines the important function of a pretrial order in narrowing and streamlining the issues for trial."  (Dk. 134, p. 39).  Second, the defendants showed they would

have been unfairly prejudiced by the proposed amendment from the lack of

particularity in the plaintiff's proposed amendment and from the lack of discovery

on certain key elements.  In its motion to reconsider, the plaintiff does not address

its deficiency in pleading the different elements for its new predicate acts and does

not attempt to cure the same.  For the same reason, the prejudice to the defendants

remains unfair, as they still must speculate as to what specific fraudulent

misrepresentations and which particular business expectancies serve as the alleged

factual basis for the plaintiff's other predicate act theories.  The plaintiff did not

carry its burden in seeking to amend the pretrial order and has failed similarly in

seeking reconsideration.

          IT IS THEREFORE ORDERED that the plaintiff's motion to alter or

amend pursuant to Fed. R. Civ. P.  59(e) and for relief from judgment to correct

clerical mistake pursuant to Fed. R. Civ. P.  60 (Dk. 136) is granted insofar as the

judgment entered on November 3, 2004, (Dk. 135) shall be modified to incorporate

by reference the journal entry of judgment entered on December 14, 2000, in favor

of the plaintiff and against the defendants, Phillip Altendorf, Jeffrey Altendorf, and

Circle H, L.L.C., and the plaintiff's motion is denied in all other respects.

Dated this 1st day of February, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge