IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DODSON INTERNATIONAL PARTS,
INC.,

                        Plaintiff,

        Vs.                                          No. 00-4134-SAC

PHILLIP ALTENDORF, JEFFREY
ALTENDORF, CIRCLE H L.L.C.,
RESOURCES UNLIMITED, INC.,
RICHARD MOORHEAD, MANSFIELD
HELIFLIGHT, INC., and ERIC CHASE,

                        Defendants.


MEMORANDUM AND ORDER

        The case comes before the court on the plaintiff's motion to strike and

objection to allowance of (Dk. 142) the bills of costs filed by the defendants

Mansfield Heliflight, Inc. and Eric Chase (Dk. 141).  The plaintiff contends the

defendants untimely filed their bill of costs nine days after the period in D. Kan.

Rule 54.1 expired. The plaintiff alternatively challenges $145.90 of the requested

costs for expenses associated with computer transcripts and scanned exhibits as

not allowable under 28 U.S.C. §  1920.  The defendants respond conceding their

bill of costs is untimely but arguing for its consideration because their delay was

slight in comparison to the lengthy history of this case and did not prejudice the plaintiff and because the plaintiff made a good faith effort to submit a reasonable and timely bill of costs.  (Dk. 143).

Final judgment was entered on February 2, 2005, and the thirty-day period under 28 U.S.C. § 2107(a) for appealing this final judgment expired on March 4, 2005.  The defendants then had thirty days to file their bill of costs in compliance with D. Kan. Rule 54.1:

> **(a)  Procedure for Taxation.**  The party entitled to recover costs shall file a bill of costs on a form provided by the clerk within 30 days (a) after the expiration of time allowed for appeal of a final judgment or decree, or (b) after receipt by the clerk of an order terminating the action on appeal.  The clerk's action may be reviewed by the court if a motion to retax the costs is filed within five days after taxation by the clerk.  The failure of a prevailing party to timely file a bill of costs shall constitute a waiver of any claim for costs.

Having delayed until April 13, 2005, to file their bill of costs, the defendants now must concede their filing is untimely.  As has been observed by the Tenth Circuit, local rules that establish time requirements for the filing of bills of costs serve important concerns for finality in litigation.  *Woods Constr. Co. Inc. v. Atlas Chemical Industries, Inc.*, 337 F.2d 888, 891 (10th Cir. 1964).  That the history of the instant case has been atypically long does not make the finality concerns any less important, but arguably more critical.

2

The defendants have not filed a formal motion for extension of time pursuant to D. Kan. Rule 6.1(a) nor cited the excusable neglect standard stated therein.  The defendants, however, ask the court to accept their untimely filing and offer some reasons that resemble the considerations relevant in an excusable neglect inquiry.  In applying D. Kan. Rule 6.1(a), federal courts have borrowed the meaning of "excusable neglect" articulated by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), in particular the following four relevant factors:  "(1) the danger of prejudice to the nonmoving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Secure Technologies Intern. v. Block Spam Now, L.L.C.*, 2004 WL 2005787, at *2 (D. Kan. 2004); *see O'Shea v. Yellow Technology Services, Inc.*, 208 F.R.D. 634, 635-36 (D. Kan. 2002); *Walls v. International Paper Co.*, 2000 WL 360115, at *5 (D. Kan. 2000).  "Control over the circumstances of the delay is 'a very important factor-perhaps the most important single factor-in determining whether neglect is excusable.'"  *Secure Technologies Intern.*, 2004 WL 2005787 at *2 (quoting *City of Chanute, Kan. v. WIlliams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994), *cert. denied*, 513 U.S. 1191 (1995)).

3

The delay of nine days is relatively brief in the context of this case. Even so, it was quite reasonable for both the plaintiff and the court to assume the case was closed when the time for filing the bill of costs expired. While this assumption may have had little impact on the judicial process, the court will not presume to know what the plaintiff may have done in reliance on the same. Thus, the first two factors only slightly favor the defendants. The third factor weighs heavily against the defendants, as they have not articulated any reasons for their delay nor indicated whether the reasons were within their control. The court has no grounds for questioning the defendants' stated good faith in pursuing their bill of costs. There being no explanation or reasons given for the delay, the court is without any factual basis for finding excusable neglect on the defendants' part to justify extending the deadline for their filing of the bill of costs. By the terms of D. Kan. Rule 54.1, the court concludes that the defendants waived their claim for costs by not timely filing their bill of costs. *See O'Shea*, 208 F.R.D. at 636; *cf. Stanford v. Burlington Motor Carriers*, 74 F. Supp. 2d 1155, 1156 (M.D. Ala. 1999).

IT IS THEREFORE ORDERED that the plaintiff's motion to strike (Dk. 142) the defendants' bill of costs (Dk. 141) as untimely filed is granted.

Dated this 29th day of June, 2005, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge