IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DODSON INTERNATIONAL PARTS,
INC.,

                Plaintiff,

    Vs.                                                No. 00-4134-SAC

PHILLIP ALTENDORF, JEFFREY
ALTENDORF, CIRCLE H L.L.C.,
et al.,

                Defendants.

MEMORANDUM AND ORDER

       The case comes before the court on the plaintiff's motion to lift stay of execution of judgment entered December 14, 2000, against the defendants Phillip Altendorf, Jeffrey Altendorf, and Circle H L.L.C.. (Dk. 145). The defendants have filed no response to this motion. Pursuant to D. Kan. Rule 7.4, the court shall consider and decide the plaintiff's motion as an uncontested motion, which means the motion "ordinarily will be granted without further notice."

       Pursuant to a settlement agreement that was incorporated therein, a journal entry of judgment was filed on December 14, 2000. (Dk. 49). It entered judgment in the amount of $5,000,000 against the defendants Phillip Altendorf,

Jeffrey Altendorf, and Circle H, L.L.C., individually and collectively.  The judgment referred to the settlement agreement and particularly to the stay of execution of this judgment.  The settlement agreement enjoined these defendants from "engaging in any aspect of the aviation industry . . . for a period of five years from the date of the signing of" the settlement agreement.  (Dk. 49, Ex. A, ¶ 1).  The settlement agreement stayed the plaintiff and Robert Dodson, Sr., and J.R. Dodson ("Dodsons") from executing on the $5,000,000 judgment for the same five-year period identified in the first paragraph on the condition that the defendants "fully and timely comply with the terms of the" settlement agreement.  (Dk. 49, Ex. A, ¶ 8).  The settlement agreement vested the Dodsons with the "sole and exclusive discretion," exercised reasonably, to decide whether the defendants "fully and timely complied" with the settlement agreement.  (Dk. 49, Ex. A, ¶ 9).  The settlement agreement provided that if the Dodsons determine the defendants have not complied "fully, truthfully and honestly" with the settlement agreement, then the Dodsons were released from their obligations under the agreement and could execute immediately on the $5,000,000 consent judgment against the defendants.  (Dk. 49, Ex. A, ¶ 10).

        The plaintiff Dodson International Parts, Inc. asks the court to lift the stay, because the defendant Phillip Altendorf has violated repeatedly that term of

the settlement agreement which enjoins him from engaging in the aviation industry for five years.  The plaintiff submits affidavits and exhibits in proof of its representation that the defendant Phillip Altendorf participated in the aviation industry by recovering damaged and salvageable helicopters during the five-year period prohibited by the settlement agreement.

The affidavits and documents attached to the plaintiff's filings establish the following uncontested facts.  In December of 2002, Phillip Altendorf presented himself to the offices of Air Salvage of Dallas as authorized to take possession of a salvaged BK 117 helicopter and subsequently removed and took the engines, fuselage and other parts from this helicopter.  In November of 2003, Phillip Altendorf appeared at the offices of Air Transport of Phoenix and represented he was to take possession of a salvaged Agusta A109 helicopter on behalf of its purchaser, Mansfield Heliflight, Inc.  The invoice of charges was paid, and Phillip Altendorf was given the helicopter.  In May of 2004, Phillip Altendorf again appeared at Air Salvage of Dallas following an e-mail from Mansfield Heliflight, Inc. which authorized Air Salvage to release a Bell 206L3 helicopter to him.  Phillip Altendorf took the helicopter from Air Salvage.

The governing terms of the settlement agreement are plain, unambiguous, and enforceable here.  As evidenced by the uncontroverted facts

summarized above, the defendant Phillip Altendorf repeatedly engaged in the aviation industry during the five-year period prohibited by the settlement agreement. By reason of the defendant Phillip Altendorf's conduct, the defendants have not fully and timely complied with the provisions of the settlement agreement. In filing this motion, the plaintiff has reasonably exercised its discretion in deciding that the defendants have not complied. The settlement agreement expressly provides that in this event the Dodsons are to be immediately released from their obligations, including the stay of execution, and allowed to proceed with execution on the consent judgment. Without a justifiable reason or cause for doing otherwise, the court shall enforce the settlement agreement as written to the uncontested facts here.

IT IS THEREFORE ORDERED that the plaintiff's motion to lift stay of execution of judgment entered December 14, 2000, against the defendants Phillip Altendorf, Jeffrey Altendorf, and Circle H L.L.C. (Dk. 145) is granted, and the stay of execution in paragraph eight of the settlement agreement and incorporated in the journal entry of judgment is lifted and the plaintiff may proceed with execution on the $5,000,000 judgment.

Dated this 27th day of December, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge